UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-107-1BR
No. 5:16-CV-84-BR

| | | |
|---|---|---|
| TAUREAN RAHSAAN DAVIS | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 101.) Petitioner filed two identical responses in opposition to the government's motion. (DE ## 104, 105.)

In November 2014, petitioner pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924. In March 2015, at petitioner's sentencing hearing, the court sustained petitioner's objection to the base offense level in the presentence report ("PSR"), among other things. The court sentenced petitioner to 51 months imprisonment. The government appealed, and petitioner cross-appealed. In February 2016, on the government's appeal, the Fourth Circuit Court of Appeals vacated petitioner's sentence and remanded for resentencing. (DE # 61.) The appellate court dismissed without prejudice petitioner's appeal. (Id.) In June 2016, this court sentenced petitioner to 77 months imprisonment. Petitioner did not appeal. On 24 October 2016, petitioner filed the instant § 2255 motion, (DE # 98), along with supporting documents, (DE ## 98-1 to 98-5).

The government contends that petitioner's motion should be dismissed for failure to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This same standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See United States v. Reckmeyer, 900 F.2d 257 (4th Cir.1990) (unpublished) ("We agree that a district court may properly consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition." (footnote omitted)).

Petitioner appears to challenge his conviction and/or sentence based on the decisions in Bailey v. United States, 516 U.S. 137 (1995), Johnson v. United States, 135 S. Ct. 2551 (2015), Beckles v. United States, 137 S. Ct. 886, 892 (2017), United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and United States v. Lee, 855 F.3d 244, 246 (4th Cir. 2017). (DE # 98-1, at 1; 98-2, at 1, 2; 98-3, at 1, 2.) Also, he appears to fault appellate counsel for not supplementing petitioner's appeal in light of Lee, (DE # 98-1, at 1), and trial counsel for misinforming him about the nature of his firearm offense based on Johnson, (DE # 98-2, at 2). Before considering petitioner's apparent claims, the court examines the nature of his offense of conviction and sentence thereon.

Turning first to petitioner's offense of conviction,

the elements required for conviction under § 922(g)(1) are:

> (1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the

> defendant knowingly[1] possessed, transported, shipped, or
> received, the firearm; and (3) the possession was in or affecting
> commerce, because the firearm had travelled in interstate or
> foreign commerce at some point during its existence.

United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006) (citation omitted). Petitioner admitted to these elements at his plea hearing. Furthermore, the criminal history section of petitioner's PSR, to which petitioner did not object, evidences that petitioner had been convicted of more than one felony prior to the instant offense. (PSR, Pt. B.)

As for petitioner's sentence on remand, the court began its sentencing guideline calculation by determining petitioner's base offense level. In accordance with the Fourth Circuit's decision on appeal, petitioner's base offense level was 20 based on U.S.S.G. § 2K2.1(a)(4)(A), which applies "if the defendant has previously sustained a prior conviction for a felony controlled substance." (DE # 61, at 3-4; see also PSR, DE # 37, ¶ 52.) The court then applied adjustments to the offense level based on petitioner's having used or possessed the firearm or ammunition in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6)(B) and his acceptance of responsibility under U.S.S.G. § 3E1.1, to arrive at a total offense level of 21. (PSR, DE # 37, ¶¶ 53, 59, 60, 61.) Petitioner's criminal history score was 13 points, resulting in a criminal history category of VI. (Id. ¶ 26.) Petitioner's imprisonment guideline range was therefore 77 to 96 months, (id. ¶ 63), and as noted above, the court sentenced petitioner to 77 months.

The court now considers whether the cases on which petitioner primarily relies offer him any relief from his conviction and sentence. In Bailey, the Court held that to establish a violation of the "use" prong of 18 U.S.C. § 924(c)(1), the government must prove "active employment of

---

[1] Section 922(g)(1) does not contain the intent element; rather, "the section's penalty provision, § 924(a)(2), requires a knowing violation of the statute." United States v. Scott, 424 F.3d 431, 435 (4th Cir. 2005) (citation omitted).

the firearm." 516 U.S. at 144.  Although Bailey applies retroactively to § 2255 cases, Bousley v. United States, 523 U.S. 614, (1998), it has no application here.  Petitioner was not convicted of a violation of § 924(c)(1).  Also, although petitioner's base offense level was increased under U.S.S.G. § 2K2.1(b)(6)(B), that guideline applies not only when a defendant uses a firearm in connection with another felony offense, but also when a defendant *possesses* a firearm in connection with another felony offense.  See United States v. Suggs, 624 F.3d 370, 373 (7th Cir. 2010) ("[P]ossession alone is sufficient to bring a felony in which the firearm was involved within the meaning of § 2K2.1(b)(6) as long as the handgun had some purpose or effect in, or facilitated, the related felony." (citations omitted)); United States v. Prince, 94 F.3d 643 (4th Cir. 1996) (table) (per curiam) ("The Supreme Court's holding in *Bailey* . . . does not affect our decision because USSG § 2K2.1(b)(5)[, the prior version of § 2K2.1(b)(6),] permits an enhancement based on possession as well as use of a firearm." (citation omitted)).  Thus, petitioner cannot state a claim for relief based on Bailey.

"In *Simmons*, th[e Fourth Circuit] held that a defendant's prior conviction for which he could not have received more than a year in prison under North Carolina's mandatory Structured Sentencing Act, N.C. Gen.Stat. § 15A1340.17, was not 'punishable' by more than one year in prison and is not a felony offense for purposes of federal law."  Miller v. United States, 735 F.3d 141, 144-45 (4th Cir. 2013) (citing Simmons, 649 F.3d at 243).  That decision is also retroactively applicable to cases on collateral review.  Id. at 146-47.  However, like Bailey, it does not apply in this case.  Prior to the date of the instant offense, petitioner had been convicted of two felonies (one of which was a controlled substance offense) for which he received actual sentences of more than a year in prison.  (PSR, DE # 37, ¶¶ 20, 21.)  Therefore, Simmons has no impact on petitioner's conviction or sentence.

The remaining cases on which petitioner relies likewise do not affect his conviction and sentence. In Johnson, the Court held that the residual clause in the violent felony definition of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.[2] Lee, 855 F.3d at 246. In Lee, applying Beckles, the Fourth Circuit recognized that "*Johnson*'s vagueness holding does not apply to the residual clause in [the career offender guideline]." Id. at 247 (citing Beckles, 137 S. Ct. at 892). Here, petitioner's sentence was not determined by reference to either the residual clause of the ACCA or the career offender guideline.

Because petitioner's claims based on the decisions cited are meritless, any claim arising out of trial or appellate counsel's failure to advise petitioner, or supplement his appeal, in light of any of those decisions is also meritless. See Moore v. United States, 934 F. Supp. 724, 731 (E.D. Va. 1996) ("Failure to raise a meritless argument can never amount to ineffective assistance.").

In short, Petitioner is not entitled to relief on his habeas corpus claims. The government's motion is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a

---

[2] The residual clause defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924€(2)(B).

5

certificate of appealability is DENIED.

This 18 January 2018.

_____
W. Earl Britt
Senior U.S. District Judge